UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM MORRIS & LORNA MORRIS, husband and wife,<br><br>      Plaintiffs,<br><br>  v.<br><br>ISABELL SUDWEEKS personally and as executor of the Estate of JAY SUDWEEKS; MAY, SUDWEEKS & BROWNING, LLP, an Idaho Company, BRAD NEWLAN and LINDA NEWLAN, husband and wife,<br><br>      Defendants. | Case No. CV-10-015-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Dkt. 13.) The Court heard oral argument on the motion on September 14, 2010, and announced its decision at the conclusion of oral argument. This decision is intended to further explain the Court's reasoning in denying Defendant's Motion to Dismiss.

## BACKGROUND

Defendants Brad and Linda Newlan retained Jay Sudweeks, now deceased, as an attorney to file a personal bankruptcy action on their behalf. At the time, Mr. Sudweeks

**Memorandum Decision and Order – 1**

was a partner in the firm of May Sudweeks & Browning, LLP.  On or about January 11, 2008, Mr. Sudweeks filed the bankruptcy action for the Newlans in the District of Idaho.  Mr. Sudweeks listed the wrong social security number in the bankruptcy case for Linda Newlan; the social security number he listed belonged to Plaintiff William Morris.

William Morris learned of the mistake when he began receiving notices from credit agencies, credit card providers and others cancelling or modifying his available credit based on the bankruptcy filing.  Mr. Morris contacted Mr. Sudweeks and informed him of the mistake.  On January 29, 2008, after learning of the error regarding the social security number, Mr. Sudweeks filed a correction of social security number with the bankruptcy court.  On June 24, 2008, Mr. Sudweeks filed a document entitled "Declaration Re: Incorrect Social Security Number," which referenced a clerical error with the transposition of the social security number of Mrs. Newlan when the bankruptcy case was originally filed.  However, Mr. Sudweeks did nothing more to contact the credit agencies, credit card companies and others who had already received notice of the bankruptcy filing containing Mr. Morris' social security number.

## STANDARD OF LAW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more

**Memorandum Decision and Order – 2**

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

In a more recent case, the Supreme Court identified two "working principles" that underly *Twombly*. See [Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)](#). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may

**Memorandum Decision and Order – 3**

be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. See *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. See *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

Plaintiffs contend that Mr. Sudweeks had a duty to Mr. Morris "not to accidentally file [Mr. Morris'] social security number, or to correct the error once made." (Plaintiffs' Rsp. Brf., p. 6; Second Amended Complaint.) Defendants May Sudweeks & Browning, LLP and Isabell Sudweeks, personally and as personal representative of the Estate of Jay Sudweeks ("Defendants"), argue that Plaintiffs' claim should be analyzed as an attorney malpractice claim because it is a claim against an attorney for acts taken during his representation of a client.

**Memorandum Decision and Order – 4**

Under that analysis, Defendants cite the Idaho Supreme Court's conclusion that, except for a few narrow exceptions not relevant here, "an attorney will be held liable for negligence only to his or her client and not to someone with whom the attorney does not have an attorney-client relationship." *Harrigfeld v. Hancock*, 90 P.3d 884, 887 (Idaho 2004). "[T]he general rule has been that an attorney-client relationship with the plaintiff is a prerequisite for holding the attorney liable for negligence in the performance of legal services." *Id*. Accordingly, Defendants contend that because Mr. Sudweeks did not have an attorney-client relationship with Plaintiffs, Defendants cannot be held liable for negligence.

Plaintiffs concede that they did not have an attorney-client relationship with Mr. Sudweeks. However, they make clear that they are not asserting an attorney malpractice claim against Defendants. Instead, they are asserting a general negligence claim.

Idaho follows the general rule that "one owes the duty to every person in our society to use reasonable care to avoid injury to the other person in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury." *Udy v. Custer County*, 34 P.3d 1069, 1072 (Idaho 2001) (Internal quotation and citation omitted.) "[E]ach person has a duty of care to prevent unreasonable, foreseeable risks of harm to others." *Id*. (Internal quotation and citation omitted.) One can reasonably anticipate or foresee that mistakenly entering someone's social security number in a bankruptcy filing may result in risk of harm to that person. Thus, as a general matter, every person has a duty of care not to mistakenly enter anyone

**Memorandum Decision and Order – 5**

else's social security number in a bankruptcy filing.

Still, Defendants suggest they are exempt from this general rule because there is no dispute that Mr. Sudweeks was acting as an attorney for the Newlans when he mistakenly entered Mr. Morris' social security number on the Newlans' bankruptcy paperwork. Whether Mr. Sudweeks was "acting as an attorney" is not the most accurate question to ask. The more accurate question is whether Mr. Sudweeks was performing legal services in entering a social security number on a bankruptcy filing document. [Harrigfeld, 90 P.3d at 887](). Under the circumstances of this case, the Court finds that he was not.

Writing down the wrong social security number on a bankruptcy form is more of a scrivener's error than legal services. It is not something that required Mr. Sudweeks' professional legal skill and knowledge. It did not require any sort of heightened responsibility or fiduciary duty to a client. As the Court explained during oral argument, it is more akin to an attorney who runs a red light and crashes into a third party while talking on his cell phone to a client about a legal matter. The third party would not be precluded from bringing a negligence claim against the attorney simply because she did not have an attorney-client relationship with the attorney. The same is true when an attorney makes a scrivener's error because it is not legal services.

Based on the allegations in the complaint, which the Court must assume are true for purposes of this motion, Plaintiffs have asserted a proper negligence claim against Defendants. Accordingly, the Court will deny the motion to dismiss.

**Memorandum Decision and Order – 6**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Dkt. 13) shall be, and the same is hereby, DENIED.

DATED: **October 12, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 7**